UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROCHA RAMIREZ, | No. 1:26-cv-02544-DAD-AC |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT, DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING RESPONDENTS' MOTION TO DISMISS |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al. | |
| Respondents. | |
| | (Doc. Nos. 1, 2, 3, 4, 9) |

On April 3, 2026, Jose Rocha Ramirez, A-File No. 204-286-447, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] a motion to appoint counsel (Doc. No. 3), and a motion for temporary restraining order (Doc. No. 4).

/////

---

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

1

Petitioner states in his verified habeas petition that he entered the United States in 2005 with a valid "B1/B2 visa." (Doc. No. 1 at 3.) Petitioner received a grant of Deferred Action for Childhood Arrivals ("DACA") but lost that status after he suffered a "DUI" conviction in 2018. (*Id.*) Petitioner concedes that he is also now pending a "DUI misdemeanor charge" from February 2026. (*Id.*) Petitioner has two siblings who are United States citizens, and a five year old daughter who is a United States citizen. (*Id.*) Petitioner was detained by ICE on March 22, 2026. (*Id.*)

On April 7, 2026, the court set a briefing schedule on petitioner's motion for temporary restraining order and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from the situations addressed in this court's decision in *Anderson, v. Chestnut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990 (E.D. Cal. Mar. 24, 2026).

On April 9, 2026, respondents filed a combined motion to dismiss the petition and opposition to petitioner's motion for temporary restraining order. (Doc. No. 9.) Respondents state therein that they are amendable to the Court ruling on the underlying petition for writ of habeas corpus based on the briefing presently before the court and that they waive any hearing regarding injunctive relief. (*Id.* at 2.)

In support of their opposition to petitioner's motion, respondents submitted documentation which largely supports petitioner's assertions, although the relevant dates are different. Based on the criminal history report provided by respondents, it does not appear that petitioner sustained any misdemeanor conviction in 2018. (Doc. No. 9 at 23–30.) However, it does appear that petitioner sustained a misdemeanor conviction for a violation of California Vehicle Code section 23152(b), driving with a blood alcohol level at or above 0.08, on June 7, 2023. (*Id.* at 29.) The criminal history report also confirms that petitioner was arrested on February 21, 2026, for a violation California Vehicle Code section 23152(a), driving under the

/////

/////

/////

2

influence of alcohol, as stated by petitioner.[2]  (*Id.*)  Further, respondents state that petitioner entered the United States in 2006 on a valid visa, that his visa expired in 2011, and that petitioner's DACA grant expired in 2021.  (*Id.* at 11.)

Petitioner argues that his continued detention absent notice of the reason for that detention or a custody review hearing violates due process.  (Doc. No. 1.)  Respondents argue that this case is distinguishable from *Anderson* because petitioner has failed to exhaust his administrative remedies and petitioner has had multiple law enforcement contacts.[3]  (*Id.* at 1–2.)

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011).  "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted).  Nevertheless, even if these factors weigh in favor of exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).  As another district court recently observed:

> Even if it were assumed that the *Puga* factors apply, as Respondents contend, [citation] Petitioner is excused from exhausting administrative remedies because several of the *Laing* factors apply.
>
> *First*, contrary to Respondents' contention that Petitioner has merely challenged the [immigration judge's] "erroneous factual determinations and evidentiary errors," [citation] the basis for the

[2]  Petitioner also appears to have been arrested for misdemeanor offenses twice in 2015, once in 2020, and again once in 2021.  (Doc. No. 9 at 27–28.)  However, none of these arrests resulted in convictions.  (*Id.*)

[3]  Respondents do not explain how petitioner's criminal history distinguishes this case from the circumstances addressed by the court's order in *Anderson*, 2026 WL 809990, at *1, where the petitioner also suffered a prior conviction for "DUI."  (Doc. No. 9.)

3

Petition is a claimed deprivation of constitutional due process. Because this claim is not within the jurisdiction of the [Board of Immigration Appeals], requiring administrative exhaustion would be futile. "An exception to the exhaustion requirement has been carved for constitutional challenges to . . . [Department of Homeland Security] procedures." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (*per curiam*) (quoting *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994)). For procedural due process claims, "[t]he key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." *Id.* at 1135 (quoting *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995)). Petitioner's due process challenge is necessarily beyond the scope of the BIA's review because it "is well settled that [the BIA] lack[s] jurisdiction to rule on the constitutionality of the [Immigration and Nationality Act] and [its] regulations." *In re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997); *Liu*, 55 F.3d at 426 ("[T]he BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws."); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("We will excuse a failure to exhaust if 'it is very likely what [the BIA's] result would have been.' Thus, '[w]here the agency's position "appears already set" and recourse to administrative remedies is "very likely" futile, exhaustion is not required.' " (citation omitted) (first quoting *Sun v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004); and then quoting *Szonyi v. Barr*, 942 F.3d 874, 891 (9th Cir. 2019))).

*Second*, requiring Petitioner to be detained in alleged violation of his constitutional right to due process, pending the BIA's decision would cause irreparable harm, which alone provides a sufficient basis to waive exhaustion under *Laing. See Rodriguez v. Robbins*, 715 F.3d 1127, 1144–45 (9th Cir. 2013) (irreparable harm in continued detention of noncitizens who would likely be granted conditional release if afforded a bond hearing). Respondents' argument to the contrary merely asserts, without citation to authority, that continued detention does not constitute irreparable harm.

*Rufino Ligario Hernandez v. Mark Wayne Mullin, et al.*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at * 7–8 (C.D. Cal. Mar. 24, 2026) (excusing prudential administrative exhaustion as futile). Here, petitioner has challenged his detention that has been carried out without notice and an individualized assessment as violating his due process rights. For the reasons stated in *Rufino*, the court concludes that the waiving of prudential exhaustion is appropriate here.

Because respondents have conceded that this case is not otherwise substantively distinct from the situation addressed in the court's prior order in *Anderson*, the court incorporates and adopts the reasoning set forth in that order and finds that petitioner's continued detention violates due process.

/////

4

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Jose Rocha Ramirez, A-File No. 204-286-447, from respondents' custody;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion to appoint counsel (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

4. Petitioner's motion for a temporary restraining order (Doc. No. 4) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

5. Respondent's motion to dismiss (Doc. No. 9) is DENIED;

6. The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

7. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 21, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5